MLR/SC # 315-19                                     9/19/19

**STATE OF MAINE**                         UNIFIED CRIMINAL DOCKET
**KENNEBEC, ss.**                          LOCATION: AUGUSTA
                                           Docket No. KENCD-CR-19-20350

*filed Atty info*
*— Maeghan Maloney*
*+ Shannon Flaherty*

**STATE OF MAINE,**          )
                             )
v.                           )          **ORDER ON MOTION TO SUPPRESS**
                             )
**TAYLOR W. BOUTIN,**        )
        **Defendant.**       )

Δ Darrick Banda

Defendant has been charged with one count of Criminal OUI, Class D, pursuant to 29-A M.R.S.A. § 2411(1-A)(B)(1). Before the Court is Defendant's Motion to Suppress filed on August 12, 2019 and argued before this Court on September 19, 2019. The Motion to Suppress filed by the Defendant addresses one issue: did the officer have a reasonable and articulable suspicion to stop the Defendant's vehicle on March 24, 2019 in Waterville, Maine.

## FINDINGS OF FACT

The court heard testimony from Officer Paul Heath of the Waterville Police Department, the Defendant Taylor Boutin and vehicle mechanic and inspection examiner Chad Cunningham. This is a rare case where the testimony of the witnesses did not contradict each other and the court found all witnesses to be credible.

On March 24, 2019 around 1:15 a.m., Officer Heath witnessed Defendant's 2015 Toyota Scion operating on the concourse near Main Street in Waterville. Officer Heath testified that he didn't see any lights illuminating the rear plate of the Scion until he got within 10 feet of the vehicle. Officer Heath was aware of the law that required a rear registration plate to be visible for a distance of at least 50 feet. Following the stop and investigation, Defendant was charged with Criminal OUI.

Defendant wasn't able to retrieve his vehicle until the next day. When the Defendant checked his plate lights, he found both LED plate lights to be working properly. Defendant testified that he made no changes to the vehicle or the plate lights.

Defendant took his vehicle to be inspected on March 29, 2019. Vehicle inspection examiner Chad Cunningham inspected the Defendant's Scion; found no defects; and gave the vehicle a new inspection sticker. Mr. Cunningham said he examined the rear plate lights and found them to be working properly. Mr. Cunningham said he examined the LED rear plate lights from about 10-20 feet away during daylight working hours.

The court finds the testimony of all of the witnesses to be credible. Most importantly, the court finds that Officer Heath was truthful when he said he could not see the Defendant's rear plate lights until he was about 10 feet away. It is unknown whether dirt and grime may have caused these lights to dim or be partially obscured. What is known is that they could not be seen for a distance of 50 feet or more.

The Defendant brought this Motion to Suppress challenging the constitutionality of the traffic stop claiming that his Fourth Amendment rights were violated. Based on the evidence presented at the hearing, this Court denies the Defendant's Motion to Suppress.

## DISCUSSION

### I. Validity of Traffic Stop

The Defendant argues that the State has failed to meet its burden in proving that there was a violation of 29-A M.R.S.A. §1909. Under 29-A M.R.S.A. §1909 the law states the following:

> **Registration lamp** A vehicle must have a white light capable of illuminating the rear registration plate so that the characters on the plate are visible for a distance of at least 50 feet. This section does not apply to unregistered farm tractors.

In regard to the above statute, law enforcement officers are guided by Title 29-A as to their authority in stopping motor vehicles as follows:

> **1. Authority to stop motor vehicle.** If a law enforcement officer has *reasonable and articulable suspicion* to believe that a violation of law has taken or is taking place, that officer, if the officer is in uniform, may stop a motor vehicle for the purpose of:
>
> **A.** Arresting the operator for a criminal violation;
> **B.** Issuing the appropriate written process for a criminal or civil violation or a traffic infraction; or
> **C.** Questioning the operator or occupants.

29-A M.R.S.A. § 105(1) (emphasis added).

2

The Law Court also addressed the guidelines regarding an investigatory stop of a motor vehicle and has stated the standard as follows:

> The Fourth Amendment to the United States Constitution and article I, section 5 of the Maine Constitution protect motorists from being unreasonably stopped by police .... Those provisions require that, [i]n order to support a brief investigatory stop of a motor vehicle ... a police officer must have an *objectively reasonable, articulable suspicion* that either criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring, or is about to occur.

*State v. Laforge*, 2012 ME 65, ¶ 8, 43 A.3d 961 (internal quotations omitted) (emphasis added).

The Supreme Court defined the reasonable articulable suspicion standard by finding that a "police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968). In compliance with the Supreme Court holding, the Law Court has further addressed the standard of reasonable articulable suspicion by stating that:

> [T]he threshold for demonstrating an objectively reasonable suspicion necessary to justify a vehicle stop is low, in that reasonable articulable suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence, and need not rise to the level of probable cause. The suspicion need only be more than speculation or an unsubstantiated hunch.

*Laforge*, 2012 ME 65, ¶ 10, 43 A.3d 961 (internal quotations omitted).

Here, the State does not carry any burden to prove either by a preponderance of the evidence or beyond a reasonable doubt whether or not the Defendant did in fact violate 29-A M.R.S.A. §1909. Rather, the State must establish that Officer Heath had a reasonable and articulable suspicion that the Defendant violated 29-A M.R.S.A. §1909 when Officer Heath saw the Defendant driving without visible rear plate lights. Officer Heath clearly articulated to the court that he reasonably believed the Defendant's car was in violation of 29-A M.R.S.A. §1909 based on his first-hand perception at the time of the incident. It wasn't until Officer Heath was within 10 feet of the Defendant's plate that he saw that the lights were actually working.

3

The court is not seeking to find if the Defendant has committed a traffic infraction regarding the alleged violation because it is both not necessary nor the purpose of a Motion to Suppress hearing. The purpose of this Motion to Suppress hearing is to establish whether law enforcement properly followed the guidelines of Fourth Amendment jurisprudence. This court finds that Officer Heath was able to reasonably articulate his suspicion that the Defendant had been driving a vehicle with rear plate lights that were not visible for a distance of at least 50 feet. The court is persuaded that this was objectively reasonable. Therefore, because Officer Heath was able to reasonably articulate his suspicion regarding the Defendant's conduct under 29-A M.R.S.A. §1909 pursuant to Fourth Amendment doctrine, the traffic stop was constitutionally valid.

## CONCLUSION

Accordingly, based on the above findings, it is hereby **ORDERED** that Defendant's Motion to Suppress is **DENIED**.

DATED: September 19, 2019

Judge Eric J. Walker,
Maine District Court

Entered on the docket 9/20/19

4